Mary M. Meador Secretary/Treasurer, Fort Myers Beach Fire Control District Fort Myers Beach
QUESTIONS:
1. May the Fort Myers Beach Fire Control District require the state attorney to prosecute violations of the rules and regulations adopted by the district for the prevention of fires and for fire control?
2. May the district adopt and enforce the Southern Standard Building Code as it relates to such things as fire walls and doors?
3. May the district operate an ambulance service?
SUMMARY:
The Fort Myers Beach Fire Control District may not require the state attorney to enforce or prosecute violations of its rules and regulations; is not authorized to adopt and enforce the Southern Standard Building Code as it relates to fire walls and doors; and is not authorized to operate an ambulance service, as defined in part III, ch. 401, F. S.
Your questions are answered in the negative.
This office has consistently opined that special districts have only those powers that are expressly granted to them by law or those necessarily implied because essential to carry out powers which are expressly granted. Attorney General Opinions 080-11, 074-169, 073-374, 073-334, and 069-130. The latter opinion concluded that a fire control district is an entity `created for definitely restricted purposes and not for general community government . . . .' The same opinion noted that in the general law of municipal corporations
 fire control districts are not treated as municipal corporations . . . . Such districts possess the powers expressly granted to them by statute . . . . In most states grants of power to fire districts will be interpreted narrowly and strictly. (Citations omitted.)
Moreover, s. 218.31(5), F. S., defines `special district' as:
 [A] local unit of special government, except district school boards and community college districts, created pursuant to general or special law for the purpose of performing prescribed specialized functions, including urban service functions, within limited boundaries. (Emphasis supplied.)
Thus, in order to answer the questions you have posed, it is necessary to examine the enabling legislation of the Fort Myers Beach Fire Control District, created by ch. 27676, 1951, Laws of Florida, which defined its duties, powers, and authority. Section 3 of ch. 27676, which is the district's charter, provides:
 [T]he district is hereby authorized and empowered to buy, own and maintain a fire department within the district and to purchase, own and dispose of fire-fighting equipment and property, real or personal, that the board may from time to time deem necessary or needful to prevent and extinguish fires within said district. (Emphasis supplied.)
Section 4 of ch. 27676 further provides:
 The board is hereby authorized and empowered to make rules and regulations for the prevention of fires and for fire control within the district, such rules and regulations . . . shall have the force and effect as [sic] law. (Emphasis supplied.)
Section 2 of ch. 63-1553, Laws of Florida, amended ch. 27676 by adding to the duties and powers of the Fort Myers Beach Fire Control District the authority to give first aid, perform rescues, and borrow money:
 [T]he district is hereby authorized and empowered to establish, equip, operate and maintain a fire and rescue department within the district; to buy, lease, sell, exchange, or otherwise acquire by gift or purchase, and to dispose of firefighting, first aid, and rescue equipment and other property . . . that it may from time to time deem necessary or needful to prevent and extinguish fires; to render and give first aid; to conduct and perform rescues; and to perform other governmental services. (Emphasis supplied.)
AS TO QUESTION 1:
The powers expressly granted to the Fort Myers Beach Fire Control District by the above-referenced special laws do not include the ability or authority to require the state attorney to prosecute violations of the district's rules and regulations. See s. 4 of ch. 27676, 1951, Laws of Florida. Nor am I aware of any other law which purports to authorize the state attorney to prosecute violations of rules promulgated by fire control districts. See AGO 080-11, and s. 27.02, F. S. (detailing the general duties of state attorneys); and see, e.g., s. 525.16, F. S. (for an example of express statutory provision for enforcement by the state attorney); cf. s. 27.34(1), F. S. (allowing enforcement by the state attorney of special laws or ordinances of counties and municipalities, but not mentioning enforcement of a special district's laws or regulations); ss. 633.14-633.18, F. S. (expressly granting broad regulatory and enforcement powers pertaining to ch. 633, F. S. (Fire Prevention and Control) to the State Fire Marshal); see also ss. 633.15 and 633.551 (regarding county and municipal powers and regulations and enforcement of state and local laws relating to fire prevention and control). Nor does ch. 27676 grant the fire control district the power to enforce its own rules and regulations. Additionally, s. 18, Art. I, State Const., prohibits administrative agencies from imposing sentences of imprisonment or other penalties except as provided bylaw. See AGO 080-11 (concluding that a fire control district had no implied powers of enforcement). Therefore, I am of the opinion that the Fort Myers Beach Fire Control District may not require the state attorney to enforce or prosecute violations of its rules and regulations.
AS TO QUESTION 2:
The powers expressly granted to the Fort Myers Beach Fire Control District by the above-described special laws do not appear to include the authority to adopt and enforce the Southern Standard Building Code as it relates to fire walls and doors. This office has previously opined that such activities are not included within the term `prevention of fires.' See AGO 080-11 (interpreting nearly identical language in the Bonita Springs Fire Control and Rescue Department's enabling legislation as excluding the power to adopt a building code for fire prevention purposes). That same opinion concluded that part VI of ch. 553, F. S. (the Florida Building Codes Act) does not authorize fire control districts to adopt and enforce model building codes, noting that such special districts are not equivalent to municipalities or counties, and that a fire control district should not be considered a `local enforcement agency' for s. 553.71(3) purposes. See also s.218.31(5), F. S., for the statutory definition of `special districts' as special governmental entities `performing prescribed specialized functions.'
As noted above, this office has on several occasions opined that special districts do not possess the status or full powers of a municipal corporation, e.g., AGO's 074-169 and 069-130. See also
Forbes Pioneer Boat Line v. Board of Commissioners of Everglades Drainage District, 82 So. 346 (Fla. 1919) (holding that a drainage district is a `public quasi corporation,' having only the authority delegated to it by law). For these reasons, I am of the opinion that the Fort Myers Beach Fire Control District is not authorized to adopt and enforce the Southern Standard Building Code as it relates to such things as fire walls and doors.
AS TO QUESTION 3:
The powers expressly granted to the Fort Myers Beach Fire Control District do not appear to include authorization to operate an ambulance service. See ch. 27676, 1951, Laws of Florida. The 1951 enabling legislation grants to the district the powers of fire prevention and control, but nowhere authorizes operation of an ambulance service. Similarly, 1963 amendments to ch. 27676 do not appear to authorize operation of an ambulance service by the district. Section 2 of ch. 63-1553, Laws of Florida, grants authority to
 establish, equip, operate and maintain a fire and rescue
department . . . to buy . . . fire-fighting, first aid, and rescue equipment . . . necessary . . . to prevent and extinguish fires; to render and give first aid . . . to conduct and perform rescues . . . . (Emphasis supplied.)
In AGO 076-227, this office opined that statutory entities such as special districts possess only such powers as are expressly given or necessarily implied because essential to carry out powers expressly granted and that Florida courts have consistently held that such entities possess no common-law powers. See, e.g., Forbes Pioneer Boat Line v. Board of Commissioners of Everglades Drainage District, supra; see also AGO 076-200. Moreover, the common definition of ambulance — `a vehicle equipped for transporting wounded, injured or sick persons . . .' Webster's Third NewInternational Dictionary p. 67 — and the statutory definition of ambulance — `vehicle . . . equipped, or operated for, and is used for . . . transportation of persons who are in need of emergency medical attention,' s. 401.23(1), F. S. — indicate that ambulance services are intended to transport persons in need of emergency medical attention or advanced life-support service on a routine and regular basis. See also s. 401.23(14). See generally part III, ch. 401, F. S. (Medical Transportation Services).
As such, operation of an ambulance service is neither equivalent to, nor does that term comprehend, operation of a `fire and rescue department.' Cf. ss. 401.23(1) and (14) (subsection (14) defining `fire rescue' as a fire department which provides `advanced life support services' but which does not routinely transport patients receiving such services) and 401.46, F. S. Furthermore, this office has previously opined that `the establishment and operation of an ambulance service is not essential or necessary to carry out the duty and function of operating . . . a hospital.' Attorney General Opinion 076-227. Similarly, operation of an ambulance service is not essential to the operation of a fire control district or its rendering and giving first aid or performing rescues. The district will seemingly be capable of fulfilling its statutory functions of fire control, rescue, and first aid without operating an ambulance service for the purpose of routinely transporting persons in need of emergency medical attention. Therefore, I conclude that the Fort Myers Beach Fire Control District is not authorized to operate an ambulance service, as defined and regulated by part III, ch. 401, F. S.
Prepared by: Anne Curtis, Assistant Attorney General